IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Crim. No. 1:14-cr-015** |
| | . | |
| | . | |
| **v.** | : | |
| | . | |
| | . | |
| **GEORGE STONEY** | : | **Judge Sylvia H. Rambo** |

## M E M O R A N D U M

Before the court is a motion filed pursuant to 18 U.S.C. § 2255 by Defendant George Stoney ("Stoney"). In the motion, Stoney claims that Hobbs Act robbery, in violation of 18 U.S.C. § 1951, is not a crime of violence pursuant to *Johnson v. United States*, ___ U.S. ___, 135 S. Ct. 2551 (2015), a case in which the Supreme Court held that the residual clause of the Armed Career Criminal Act ("ACCA") is unconstitutionally vague. Stoney claims that the application of § 924(c)(3)(B)'s residual clause is the same as the residual clause contained in the ACCA, and is therefore unconstitutional.

## I.    Discussion

A stay of the motion was granted pending a decision in *United States v. Robinson*, 844 F.3d 137 (3d Cir. 2016). On December 19, 2016, the Third Circuit rendered a decision and held that, where the offense of robbery and brandishing a gun have been tried together and the defendant has been found guilty[1] of both offenses, Hobbs Act robbery qualifies as a crime of violence under §

---

[1] Stoney pleaded guilty to both offenses.

924(c)(3)(A)'s elements clause. *Id.* at 141. Therefore, the application of §

924(c)(3)(A)'s residual clause is not necessary.

## II.   **Conclusion**

For the foregoing reason, the motion will be denied. An appropriate order

will issue.

s/Sylvia H. Rambo
SYLVIA H. RAMBO
United States District Judge

Dated: May 16, 2017